06-131T

CLERK

JUNE 13, 2006

U.S. DISTRICT COURT
BANGOR, ME 04402

RE: D'AMARIO v. U.S., CIVIL NO. 06-93-P-H (D. ME.)

US MAINE
2006 JUN 19 A 10:14
DEPUTY CLERK

MADAM:

YESTERDAY I RECEIVED THE RECOMMENDED DECISION OF THE MAGISTRATE, DATED MAY 31.

THIS IS MY OBJECTION AND REQUEST FOR DE NOVO REVIEW BY THE TRIAL JUDGE.

I AM IN TRANSIT AND HAVE NO ACCESS TO LAW OR EVEN MY OWN FILES AND NOTES. I CAN SUBMIT A FORMAL, TYPED OBJECTION IN LATE JUNE AT THE EARLIEST.

FOR NOW, I ASSERT THAT §2255 WAS NEVER AVAILABLE AS A REMEDY BECAUSE JUDGE DICLERICO WAS SECRETLY ASSISTING PROSECUTORS DURING 2000-01 IN BRINGING A THREAT INDICTMENT ON MAY 18, 2001.

"INNOCENT POSSESSION" WAS NOT KNOWN AS A DEFENSE IN 1999.

"FAIR WARNING" IS COGNIZABLE AS A DEFENSE TO § 922(g)(1). U.S. v. BRADY, 710 F.SUPP. ___ (D. COLO. 1989).

"OUTRAGEOUS POLICE CONDUCT" APPLIES HERE TO INVALIDATE THE INDICTMENT. DNA TESTING WILL PROVE A STATE POLICE FRAME-UP.

THESE ALLEGATIONS INVOLVE FACT-DEPENDENT ISSUES NECESSITATING AN EVIDENTIARY HEARING. MY EX-LAWYERS' CONFLICTS, JUDGE DI-CLERICO'S BIAS, AND POLICE PLANTING OF EVIDENCE CANNOT BE SUMMARILY DISAVOWED.

THE SAVINGS CLAUSE APPLIES WHERE ANOTHER STATUTE, 28 U.S.C. § 455(a), WAS FLOUTED BY THE JUDGE DURING THE ORIGINAL § 2255.

PLAINTIFF, PRO SE,

[signature]

ARTHUR D'AMARIO III

F.D.C. MIAMI

P.S. I'LL BE BACK AT FDC PHILADELPHIA NEXT WEEK.

6-13-06

ME# 05-216-P-H
RI # 01-91

Re: D'Amario v. Wall, C.A. No.
6-

MADAM: 2006 JUN 19 A 10:14

WHEN THE ABOVE [illegible] ACTION WAS DISMISSED LAST WINTER, I MOVED FOR A C.O.A. 28 U.S.C. § 2253. THE COURT HAS NOT RULED ON [illegible] AND THE FIRST CIRCUIT HAS BEEN WAITING FOR A DECISION [illegible] MATTER.

THANK YOU.

Petitioner, pro se,
Art D'Amario
ARTHUR D'AMARIO
F.D.C. PHILADELPHIA
POB 562
PHILADELPHIA, PA 19105

US POSTAGE
Hasler
$00.390
Mailed From 02903